IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PANDORA JEWELRY, LLC, <br> 8681 Robert Fulton Drive <br> Suite C <br> Columbia, MD 21046 <br><br> Plaintiff, <br><br> v. <br><br> CHAMILIA, LLC <br> 260 West 44th Street, 3rd Floor <br> New York, New York 10036 <br><br> SERVE ON: <br> CHAMILIA, LLC <br> 260 West 44th Street, 3rd Floor <br> New York, New York 10036 <br><br> and <br><br> JEFF JULKOWSKI <br> 260 West 44th Street, 3rd Floor <br> New York, New York 10036 <br><br> SERVE ON: <br> JEFF JULKOWSKI <br> 260 West 44th Street, 3rd Floor <br> New York, New York 10036 <br><br> Defendants. | * <br> * <br> * <br> * <br> * Civil Action No._____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S COMPLAINT FOR TEMPORARY RESTRAINING
ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND
MONETARY RELIEF, AND DEMAND FOR JURY TRIAL**

Plaintiff, Pandora Jewelry, LLC, ("Pandora Jewelry" and/or "Plaintiff"), by and through its undersigned attorneys, brings this civil action and request for Preliminary Injunctive Relief under Fed. R. Civ. P. 65(b).

## NATURE OF THE CASE

1. This case is related to the pending action in this Court, <u>Pandora Jewelry v. Chamilia</u>, Civil Action No. 06 CV 600 (CCB), ("Patent Action") in which the infringement by defendant Chamilia of plaintiff Pandora's U.S. Patent No. 7,007,507 ("'507 Patent") has been alleged. In that case, Chamilia filed a counterclaim for antitrust violations and wrongful interference.

## THE PARTIES

2. Plaintiff, Pandora Jewelry, LLC ("Pandora"), is a limited liability company duly organized and existing under the laws of Maryland with offices at 8681 Robert Fulton Drive, Suite C, Columbia, MD 21046. Pandora is a wholly owned subsidiary of Pandora Smykker USA Aps, a holding company duly organized and existing under the laws of the Kingdom of Denmark ("Pandora Smykker").

3. Upon information and belief, Defendant, Chamilia, LLC ("Chamilia") is a limited liability company duly organized and existing under the laws of New York, having its principal place of business at 260 West 44th Street, 3rd Floor, New York, New York 10036.

4. Upon information and belief, Defendant Jeff Julkowski is the president of Defendant, Chamilia and works out of Chamilia's New York office.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) as the parties are citizens of different states (Maryland and New York) and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper

in this district pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events giving rise to this action occurred in this district and a substantial part of property that is the subject of the action is situated is in this district.

## FACTS

1. Pandora owns many registrations for its jewelry designs including, Copyright Registrations VA-1-208-549, VA-1-210-216, VA-1-210-240, and VA-1-218-723 issued on September 4, 2003. In addition, Pandora owns U.S. Patent No. 7,007,507 (the "'507 Patent") issued on March 7, 2006.

2. Infringement of Pandora's copyright ownership forced Pandora in 2003 to sue Chamilia in the United States District Court for the Southern District of New York, <u>Pandora Smykker USA Aps and Pandora Jewelry LLC v. Chamilia LLC</u>, 03 Civ. 7587, and then in the District Court of New Jersey, alleging copyright infringement arising out of Chamilia's illegal copying of Pandora's jewelry bead designs. Both District Courts issued temporary restraining orders against Chamilia and/or its retailer and both cases were resolved in Pandora's favor by entry of Consent Judgments.

3. In March of 2006, following the issuance of the '507 Patent by the United States Patent and Trademark Office, Pandora filed the <u>Pandora Jewelry LLC v. Chamilia, LLC</u>, 06 CV 0600 action for infringement of its '507 Patent. Chamilia counterclaimed with the standard claims of invalidity, noninfringement and anti-trust violation of Pandora. That action is currently pending before this Court, and is a related case.

4. On June 19, 2006, Plaintiff filed a Motion to Bifurcate Trial and Stay Discovery on the Antitrust and Wrongful Interference Counterclaims in the Patent Action.

5. On September 28, 2006, Plaintiff served subpoenas for production of documents upon ten of Chamilia's retailers, seven of which are located in this District. The subpoenas were served upon The Pink Silhouette, Flags, Etc. & Gifts, West End Gallery, Carlos Italian Charm Shop, Highlands West Gift Company, Enchanted Art, Joshua's Garden, Studio 24E, Kokopelli, and Hickory Stick, Ltd. ("Retailers").

6. On October 13, 2006, the Retailers filed a Motion to Quash Subpoena for Records.

7. The District Court issued an order scheduling a telephone conference for October 26, 2006, to hear argument on the Motion to Bifurcate Trial and Stay Discovery on the Antitrust and Wrongful Interference Counterclaims.

8. On October 26, 2006, a telephone conference was held in the District Court to hear the Motion to Bifurcate Trial and Stay Discovery on the Antitrust and Wrongful Interference Counterclaims. Pandora and Chamilia made appearances through their counsel at the telephone conference. During the conference, Chamilia conceded Pandora's motion for bifurcation.

9. On October 26, 2006, The District Court issued an Order granting the Motion to Bifurcate Trial and Stay Discovery on the Antitrust and Wrongful Interference Counterclaims and the Retailers' Motion to Quash Subpoena for Records. (A copy of the October 26, 2006 Order is attached as Exhibit A.)

10. On October 27, 2006, Pandora wrote a letter to the Court stating Pandora's concern over the *sua sponte* grant of the motion to quash and that the subpoenas would not be withdrawn.

11.     On November 9, 2006, Plaintiff submitted a Motion for Reconsideration with regard to the Court's granting of the Motion to Quash the subpoenas issued to Chamilia's Retailers.

12.     On November 10, 2006, Chamilia published a false and misleading communication to its retailers mischaracterizing this Court's October 26, 2006 Order. The November 10, 2006, letter further alleges improper action by Pandora done solely for the purpose of injuring Pandora in the marketplace.

13.     On or about November 10, 2006, Defendants made written statements to jewelry retailers across the country that Plaintiff was harassing and threatening Defendants' retailers, providing misinformation about patent rights, and was engaging in improper anti-competitive behavior. Defendants falsely claimed that such alleged behavior was acknowledged by, and admonished by, the Honorable Catherine C. Blake of the Untied States District Court for the District of Maryland. These statements are false and, among other things, tended to disparage Plaintiff, its business, and its integrity. (A copy of the November 10, 2006, letter is attached hereto as Exhibit B.)

## COUNT I
## LANHAM ACT – FALSE ADVERTISING

14.     The allegations of Paragraphs 1 through 13 are incorporated herein by reference with the same force and effect as if set forth in full below.

15.     The November 10, 2006 letter from Chamilia, a direct competitor of Pandora, was publically disseminated to "retailers" including to customers and potential customers of Pandora.

16.     The November 10, 2006 letter was distributed to Chamilia "retailers," who are also Pandora customers, in Texas, Illinois and Ohio.

17. The false allegations set forth in the November 10th letter materially affect the reputation of Pandora for honest and fair dealing with the public.

18. The "facts" set forth in Pandora's November 10th letter are plainly false in that they completely mischaracterize the Court's October 26th Order. In addition, in the letter, Chamilia falsely accuses Pandora of wrongful conduct in the marketplace relating to its patent rights.

19. Chamilia's false advertising has caused or is likely to cause injury to Pandora.

## COUNT II
## INJURIOUS FALSEHOOD

20. The allegations of Paragraphs 1 through 19 are incorporated herein by reference with the same force and effect as if set forth in full below.

21. Defendants knowingly or with reckless disregard for the truth made the injurious and false statements as described above, and Defendants made those statements with malice and with the intent to harm Plaintiff.

22. Defendants made the statements knowing that they were likely to have an adverse affect on Plaintiff's business, to induce others not to deal with Plaintiff, and to interfere with Plaintiff's relations with others to its disadvantage.

23. As a result of the malicious and deliberate actions of Defendants, Plaintiff has suffered and will continue to suffer economic loss as well as damage to its reputation.

## COUNT III
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE

24. The allegations of Paragraphs 1 through 23 are incorporated herein by reference with the same force and effect as if set forth in full below.

25.   On or about November 14, 2006, Defendants contacted jewelry retailers across the country and advised that Plaintiff was harassing and threatening Defendants' retailers, providing misinformation about patent rights, and was engaging in improper anti-competitive behavior. Defendants falsely claimed that such alleged behavior was acknowledged by, and admonished by, the Honorable Catherine C. Blake of the Untied States District Court for the District of Maryland.

26.   The conduct of Defendants in communicating with the jewelry retailers was intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with the intentional and improper purpose of causing damage and was without justifiable cause.

27.   As a result of Defendants conduct, Plaintiff has, and will continue, to suffer lost profits, other consequential damages, and irreparable harm to reputation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays as follows:

1.   that the Court issue all necessary preliminary and permanent restraining and injunctive orders to enjoin Defendants from further distributing a copy of Chamilia's November 10, 2006 letter, pursuant to Plaintiff's proposed Temporary Restraining Order;

2.   that the Court determine Defendants are liable for false advertising, injurious falsehood, tortiously interfering with Plaintiff's prospective advantage and that, therefore, Plaintiff is entitled to injunctive relief, compensatory and punitive damages in amounts to be determined at trial, and costs;

3.   that the Court award compensatory and punitive damages in an amount not less than $75,000;

4. that the Court award Plaintiffs all of Defendants' profits, and any further damages and costs pursuant to 15 U.S.C. § 1117; and

5. that the Court grant such other relief as is fair and just.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury of all issues triable of right to a jury and raised by the pleadings in this action.

Respectfully submitted,

*s/ Sharon Snyder*
Sharon Snyder
Carla N. Murphy
OBER, KALER, GRIMES & SHRIVER,
a professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120
Fax: (410) 547-0699

*Attorneys for Pandora Jewelry, LLC and Pandora Smykker, USA. Aps.*

Of Counsel:
William R. Hansen
Bridget A. Short
Gianfranco G. Mitrione
Bernadette Reilly
LATHROP & GAGE, L.C.
230 Park Avenue, Suite 1847
New York, NY 10169
Telephone: (212) 850-6220
Facsimile: (212) 850-6221

NYDOCS 47324v2